Upon review of the parties' respective letters concerning Plaintiff's application for leave to amend (*see* Docs. 41, 44), the Court grants Plaintiff's application. Plaintiff shall file a clean version of the amended complaint in the form annexed to the letter motion (Doc. 41-1) by no later than November 10, 2026 at 5:00 p.m.

In light of the above, Defendants shall file with the Court, no later than November 25, 2026, either: i) an Answer to the Third Amended Complaint; or ii) a new pre-motion letter in accordance with the Court's Individual Practices. Accordingly, Defendants' motion (Doc. 37) is denied without prejudice to renew.

The Clerk of Court is respectfully directed to terminate the motion sequences pending at Docs. 37 and 41.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 9, 2026

*VanderWo*

*1(*

*Stormv*

NEIL VANDERWOUDE, *Partner**
*GERALD JOSEPH ROMA, *Partner**

**Admitted in New York and Connecticut*

Hon. Philip M. Halpern
United States District Court, Sout
Charles L. Brieant Jr. Federal Bu
300 Quarropas Street
White Plains, New York 10601

**VIA ECF**

Re: *DiMaio v. Town of North Salem, et al.*, No. 26-cv-02799-PMH — Plaintiff's Letter-Motion for a Pre-Motion Conference and for Leave to File a Third Amended Complaint

Dear Judge Halpern:

We represent Plaintiff Thomas DiMaio. Defendants' motion to dismiss the operative Amended Complaint (ECF No. 33) is pending. Pursuant to Rules 2(C) and 4(C) of Your Honor's Individual Practices, Rule 15(a)(2) of the Federal Rules of Civil Procedure, and Local Civil Rule 15.1, Plaintiff respectfully requests a pre-motion conference regarding, and leave to file, the Proposed Third Amended Complaint ("PTAC"). As Rule 4(C)(ii) directs, a clean copy of the PTAC is annexed as Exhibit A and a version redlined against the operative Amended Complaint is annexed as Exhibit B. To assist the Court, a schedule mapping each change from the Amended Complaint to the PTAC is annexed as Exhibit C.

The proposed amendment does not add or alter any of the five claims (selective enforcement, class-of-one equal protection, First Amendment retaliation, Fourth Amendment malicious prosecution, and municipal liability). It supplies additional factual particulars responsive to the deficiencies Defendants assert, including: property-by-property comparator metrics (the adjoining parcels are both R-1 lots of virtually identical size — approximately 43,546 versus 43,573 square feet — with comparable fill volumes and wall conditions); a dated protected-activity-to-adverse-action timeline; the final-policymaker and ratification particulars

supporting the Monell claim; and additional detail concerning the criminal-trespass process and the resulting order of protection.

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). There has been no undue delay, bad faith, or dilatory motive, and no undue prejudice to Defendants; discovery has not begun. Nor is amendment futile: the PTAC pleads plausible claims and directly addresses the arguments raised in Defendants' motion. Plaintiff filed the operative pleading pro se and retained counsel only afterward — circumstances in which leave is especially appropriate.

Granting leave would also serve efficiency. The amendment responds to the very deficiencies Defendants' motion asserts and would narrow or moot that motion, avoiding piecemeal motion practice. Should the Court grant leave, Plaintiff will file the PTAC within seven days of the order, as Local Civil Rule 15.1(b) contemplates.

Plaintiff respectfully requests that the Court schedule a pre-motion conference or, in its discretion, deem this letter the motion and grant leave to file the PTAC. We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Neil VanderWoude
Neil VanderWoude (1904)
VanderWoude & Roma PLLC
Attorneys for Plaintiff

cc: All counsel of record (via ECF)